GENOVESE, J.,
dissents, and assigns the following reasons.
hi disagree with this court’s opinion reversing the trial court’s grant of summary judgment in favor of the insurer. In my view, the majority completely misconstrues the intent, application, and purpose of summary judgment.
In this case, the tortfeasor, Mr. Palma, rear-ended a vehicle which caused a collision involving several vehicles, one of which struck Plaintiffs vehicle and injured him. At the time of the accident, Mr. Palma was operating a vehicle owned by a Mr. Mata and insured by Home State County Mutual Insurance Company (Home State). Plaintiff sued Mr. Palma, Mr. Mata, and Home State. Defendant, Home State, then filed a Motion for Summary Judgment which was granted by the trial court, and Plaintiff appealed.
The only evidence before the trial court for consideration at the hearing on Defendant’s Motion for Summary Judgment was the Home State liability policy. Plaintiff offered no evidence (no affidavit, deposition, or otherwise) that the insured, Mr. Mata, gave either express of implied permission to the driver, Mr. Palma.
Though, under La.Code Civ.P. art. 966, Defendant has the initial burden of proof in this summary judgment proceeding, that burden shifted to the Plaintiff when the Mata policy did not list the driver (Mr. Palma) as a named insured. At |2that point, Plaintiff had the burden of proving that Mr. Palma was either an omnibus insured or a permissive user according to the policy. This, Plaintiff did not do.
Thus, in order for there to be coverage available to Plaintiff pursuant to the Home State policy, it is the Plaintiff (not the Defendant) that must prove all essential elements of his case; particularly, he must prove that Mr. Palma was a permissive driver or an omnibus insured. Because Plaintiff failed to prove this essential element of his case, i.e., that Mr. Palma was a permissive driver or an omnibus insured, there is no question of material fact, and Plaintiff loses.
This case hinges on the “burden of proof.” It is not the insurance policy which shifts the burden of proof; it is the law (jurisprudence) that places the burden of proving “permissive user” status on the person claiming that status — and that would be the plaintiff. The jurisprudence is clear and unequivocal. The plaintiff has the burden of proving the express or implied permission of the insured in order to obtain coverage under the omnibus clause of an automobile liability policy. La.R.S. 32:900(B)(2); Arceneaux v. Norman, 05-1536 (La.App. 3 Cir.2006), 931 So.2d 484. All the defendant in this case had to do was to “point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” La. Code Civ.P. art. 966(C)(2) (emphasis added). There is no factual dispute in this *474 case that Home State, the defendant insurer, “pointed out” to the court that the tortfeasor was neither a permissive driver, nor a family member or resident of the household.
Plaintiff produced no evidence that Mr. Palma was driving the vehicle insured by Home State with the express or implied permission of Mr. Mata or that Mr. Palma was a family member or resident of Mr. Mata’s household. Therefore, | ^Plaintiff will not be able to prove this essential element of his case and, thus, this summary judgment must be sustained.
Plaintiffs only saving grace would have been to prove that he was not afforded adequate time for discovery. Well, that argument fails since Plaintiff was given over a year and four continuances by the trial court in order to locate Mr. Palma or Mr. Mata or someone in order to get an affidavit or deposition to establish that Mr. Palma was a permissive user or an omnibus insured. This case cannot be left open forever. The law only requires that a reasonable amount of time be given, and the trial court allowed more than a reasonable amount of time for adequate discovery.
Simply put, Plaintiff did not prove an essential element of his case; hence, there is no question of material fact, and Defendant is entitled to summary judgment as a matter of law. I find the trial court to be 100% correct; hence, I respectfully dissent from the majority and would affirm the trial court’s grant of summary judgment in favor of Defendant’s insurer.